**Alice WEISS, Plaintiff–Appellant,**

v.

**MORGAN STANLEY INVESTMENT MANAGEMENT, Defendant–Appellee.**

No. 08–2266–cv.

United States Court of Appeals, Second Circuit.

Sept. 16, 2009.

Annette G. Hasapidis, Law Offices of Annette G. Hasapidis, South Salem, NY, for Appellant.

Amber L. Kagan Morgan, Lewis & Bockius, LLP, New York, NY, (Kimberly E. Lunetta, on the brief), for Appellees.

Present: ROGER J. MINER, ROSEMARY S. POOLER, ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Alice Weiss appeals from a March 27, 2008, 2008 WL 821813, summary judgment dismissing her complaint, which alleged that her former employer, Morgan Stanley Investment Management ("Morgan Stanley"), discriminated against her on the basis of gender, age, national origin and religion in violation of state and federal law. The court's judgment also dismiss Weiss's claim that she was unlawfully retaliated against for having made a discrimination complaint shortly before her termination. We assume the parties' familiarity with the facts, proceedings below, and specification of the issues on appeal.

Weiss began work at Morgan Stanley's predecessor, Dean Witter on March 8, 1982. Weiss began her career as a statistician, and was promoted to assistant portfolio manager in 1987. In 1990, Weiss was subsequently appointed as a vice president. In 1997, Dean Witter merged with

Morgan Stanley. For the three years prior to her termination on September 30, 2003, she worked in Morgan Stanley's New York offices in the Global Investment Group ("GIG").

Most recently in her time with Morgan Stanley, plaintiff was responsible for the management of two different funds: Morgan Stanley's KLD Social Index Fund and the Value Added Market Series Mutual Fund (the "Value Added Fund"), a fund she proposed and Morgan Stanley launched. The Value Added Fund required active management, including regular rebalancing, as opposed to a pure index fund that required no active management. However, in 2003, the Value Added Fund changed to a pure index fund, which eliminated the need for active management.

At the same time, the Global Investment Group was reviewing its staffing with an eye toward cutting the budget, including a reduction in force ("RIF"). The review determined that the Value Added Fund, now a passive fund, no longer needed a dedicated portfolio manager. Morgan Stanley decided to eliminate one of the two index portfolio management positions, one of which was held by Weiss, the other of which was held by Kevin Jung, a younger male employee. Morgan Stanley alleges legitimate business concerns, rather than discriminatory animus, motivated the choice of Jung over Weiss.

On September 25, 2003, Weiss met with her supervisor, Guy Rutherford to see if she was being considered for promotion to executive director. Rutherford told her she was not. Weiss told Rutherford she thought she was being discriminated against on the basis of age and gender. Rutherford immediately reported Weiss' claim to the human resources department. On September 30, 2003, plaintiff received her notice of termination. Morgan Stanley asserts that the decision to include Weiss in the RIF was memorialized in a number of documents generated before September 25, 2003, including several RIF lists.

We review a district court's grant of summary judgment de novo. *See Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003). We are required to resolve all ambiguities and draw all inferences in favor of the nonmovant. *See Nationwide Life Ins. Co. v. Bankers Leasing Assoc. Inc.,* 182 F.3d 157, 160 (2d Cir. 1999). "A plaintiff may prevail on a claim for retaliation even when the underlying conduct complained of was not in fact unlawful 'so long as he can establish that he possessed a good faith, reasonable belief that the underlying challenged actions of the employer violated [the] law.'" *See Treglia v. Town of Manlius,* 313 F.3d 713, 719 (2d Cir.2002) (citation omitted). Claims for retaliation are analyzed under the same burden-shifting framework established for Title VII cases. *Id.* In order to establish a prima facie case of retaliation, Weiss must show that: (1) she engaged in protected activity; (2) the employer was aware that she engaged in such behavior; (3) the employer took adverse employment action against her; and (4) a causal connection exists between the alleged adverse action and the protected activity. *Id.* Once plaintiff sets forth a prima facie case, defendant then bears the burden of demonstrating a non-discriminatory basis for the complained-of action. *Id.* at 721. If defendant meets its burden, "the plaintiff must point to evidence that would be sufficient to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation." *Id.*

The district court found—and the parties do not dispute—that Weiss adequately set forth the elements of her prima facie case. The district court then held Morgan Stanley set forth a legitimate, non-retaliatory reason for termination—that Weiss

was selected for inclusion in a large-scale IF as early as June or July of 2003—thus breaking the connection between Weiss's complaint of discrimination and her termination, as she could not be retaliated against for a complaint she had not yet made.

On appeal, Weiss primarily argues that the evidence submitted by Morgan Stanley in support of its motion for summary judgment was never properly authenticated, rendering it inadmissible. As conceded by Weiss' counsel at oral argument, however, this objection was never raised below. While "[i]t is true that on a motion for summary judgment, supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein," this rule does not "require that parties authenticate documents where appellee did not challenge the authenticity of the documents in the district court." *H. Sand & Co., Inc. v. Airtemp Corp.*, 934 F.2d 450, 454 (2d Cir.1991) (internal quotation marks and citation omitted). Weiss' failure to raise the authentication issue below is fatal to her claims on appeal.

We have considered plaintiff's remaining arguments and find them to be without merit.

For the foregoing reasons, the judgment and order of the district court are **AFFIRMED**.